William H. Hyatt, Jr., Esq. (WH 2758)
Kirkpatrick & Lockhart LLP
One Newark Center 10th Floor
Newark, NJ 07102
(973) 848-4045

John McGahren, Esq. (JM 3568)
Latham & Watkins LLP
One Newark Center 16th Floor
Newark, NJ 07102
(973) 639-7270

**Attorneys for Plaintiffs**
**E. I. du Pont de Nemours and Company,** *et al.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **E.I. DU PONT DE NEMOURS** : | |
| **AND COMPANY,** : | CIVIL ACTION NO.: 97-497 |
| **CONOCO INC., and** : | (WJM) |
| **SPORTING GOODS** : | |
| **PROPERTIES, INC.** : | |
| : | |
| : | **BRIEF IN SUPPORT OF** |
| **Plaintiffs,** : | **PLAINTIFF'S MOTION FOR** |
| **V.** : | **ENTRY OF JUDGMENT** |
| : | **UNDER F.R.C.P. 54(b) OR, IN** |
| **UNITED STATES OF AMERICA,** *et* : | **THE ALTERNATIVE, FOR** |
| *al.* : | **CERTIFICATION UNDER 28** |
| : | **U.S.C. § 1292(b)** |
| **Defendants.** : | |
| : | **RETURN DATE: February 9,** |
| : | **2004** |
| : | |
| : | |
| : | |

# **TABLE OF CONTENTS**

Page

Statement of Facts ................................................................................2

Legal Argument...................................................................................4

I.  Pursuant to Rule 54(b), DuPont requests that the Court make a determination that there is no just reason for delay and direct that final judgment be entered as to DuPont's claim for contribution against the Defendants at the Louisville Plant .........4

    A.  Rule 54(b) Standard.............................................................4

    B.  Finality..................................................................................7

    C.  No Just Reason for Delay ....................................................8

II.  Alternatively, pursuant to 28 U.S.C. § 1292(b), DuPont requests that the Court certify that its opinion involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation ................................................................................12

    A.  28 U.S.C. § 1292(b) Standard ...........................................12

    B.  Controlling Issue of Law ...................................................13

    C.  Substantial Grounds for a Difference of Opinion .............14

    D.  Materially Advance the Ultimate Termination of this Litigation ................................................................15

Conclusion.........................................................................................17

## <u>TABLE OF AUTHORITIES</u>

<u>CASES</u>                                                                   Page

*Aviall Servs., Inc. v. Cooper Indus., Inc.*, 312 F.3d 677
       (5th Cir. 2002), *cert. granted*, (Docket No. 02-1192),
       2004 WL 42543, 71 U.S.L.W. 3552 (U.S. Jan. 09, 2004)............ 10, 15

*Berckeley Inv. Group, Ltd. v. Colkitt*, 259 F.3d 135 (3d Cir. 2001) .............. 9

*Carter v. City of Philadelphia*, 181 F.3d 339 (3d Cir. 1999)........5, 7, 8, 9, 12

*Coffman v. Fed. Labs.*, 171 F.2d 94 (3d Cir. 1949) ....................................... 7

*Curtiss-Wright Corp. v. Gen. Elec. Corp.*,
       446 U.S. 1 (1980) .................................................................4,5,7,8,12

*Elizabethtown Water Co. v. Hartford Cas. Ins. Co.,*
       18 F. Supp. 2d 464 (D.N.J. 1998)................................................. 14, 15

*Fisher Dev. Co. v. Boise Cascade Corp.*, 37 F.3d 104 (3d Cir. 1994) ........... 6

*Gherebi v. Bush*, No. 03-55785, 2003 WL 22971053
       (9th Cir. Dec. 18, 2003) ...................................................................... 11

*Hakimoglu v. Trump Taj Mahal Assocs.*,
876 F. Supp. 625 (D.N.J. 1994) .................................................................. 10

*Hatco Corp. v. W.R. Grace & Co. – Conn.*, 59 F.3d 400 (3d Cir. 1995) ....... 6

*In re Cendant Corp. Secs. Litig.*, 166 F. Supp. 2d 1 (D.N.J. 2001).............. 14

*In re New Valley Corp.*, NO. 924884, 1993 WL U.S. Dist.
       LEXIS at *10 (D.N.J. June 7, 1993)....................................... 14, 15,16

*Int'l Union of Elec., Radio & Mach. Workers v. Westinghouse
       Elec. Corp.*, 631 F.2d 1094 (3d Cir. 1980)....................................... 10

*Katz v. Carte Blanche Corp.*, 496 F.2d 747 (3d Cir. 1974) (*en banc*)....13, 14

*Kauffman v. Dreyfus Fund, Inc.*, 51 F.R.D. 18 (D.N.J. 1969),
        *aff'd in relevant part and rev'd on other grounds*,
        434 F.2d 727 (3d Cir. 1970) ........................................................ 14, 16

*Morton Int'l Inc. v. A.E. Staley Mfg. Mgmt. Co.*,
        343 F.3d 669 (3d Cir. 2003) ............................................5, 6, 9, 11,15

*New Jersey Turnpike Auth. v. PPG Indus., Inc.*,
        197 F.3d 96 (3d Cir. 1999)................................................................. 6

*Public Interest Research Group of New Jersey, Inc. v.
        Hercules, Inc.*, 830 F. Supp. 1549 (D.N.J. 1993) ................... 13, 15, 16

*Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427 (1956 ............................. 4,7

*Tippins Inc. v. USX Corp.*, 37 F.3d 87 (3d Cir. 1994) ........................... 11, 15

*United States v. CDMG Realty Co.*, 96 F.3d (3d Cir. 1996).......................... 6

*United States v. Mendoza*, 464 U.S. 154 (1984) ........................................... 11

*United States v. Sperry Corp.*, 493 U.S. 52 (1989)...................................... 11

*Waldorf v. Shuta*, 142 F.3d 601 (3d Cir. 1998).......................................... 4, 8


<u>STATUTES AND OTHER AUTHORITIES</u>

Comprehensive Environmental Response, Compensation and Liability Act of
        1980, as amended ("CERCLA"), 42 U.S.C. § 9601, *et seq.* ................ 2

CERCLA, 42 U.S.C. § 9613(f) ....................................................................... 3

Federal Rule of Civil Procedure 54(b) .......................................................... 4

28 U.S.C. § 1292(b)        ..................................................................... 12, 13

16 C. Wright et al., Federal Practice & Procedure § 3930 (1977)................ 16

Plaintiff E. I. du Pont de Nemours and Company ("DuPont") moves pursuant to Federal Rule of Civil Procedure 54(b) for an express determination by the Court that there is no just reason for delay and for an express direction for the entry of final judgment as to the claim decided in its Amended Order of January 8, 2004.   In the alternative, DuPont moves pursuant to 28 U.S.C. § 1292(b) for the Court to certify that its Amended Order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the utlimate termination of the litigation.   Draft orders are attached herewith.

<u>Statement of Facts</u>

In January 1997, Plaintiffs DuPont, Conoco, Inc. and Sporting Goods Properties, Inc. (collectively, the "Plaintiffs") filed this action under sections 107(a) and 113(f) of the Comprehensive Environmental Response, Compensation and Liaiblity Act of 1980, as amended, 42 U.S.C. § 9601 *et seq.* ("CERCLA"), against the United States of America ("United States") and various federal governmental entities (collectively, the "Defendants").   Plaintiffs sought to recover from the Defendants a portion of their past and future environmental response costs at fifteen sites located throughout the United States.   Plaintiffs alleged that, at various times before, during and after World Wars I and II, Defendants directed and controlled Plaintiffs' manufacture of war

materials under circumstances in which Defendants owned, operated, and otherwise arranged for the disposal of hazardous substances within the meaning of CERCLA at each of the fifteen sites.  Although the Complaint initially alleged three theories of liability, only the Second Count, based on contribution liability pursuant to Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), remained prior to the filing of Defendants' Motion for Summary Judgment.

In September 2003, Defendants filed a Motion for Summary Judgment, requesting that the Court "enter judgment for the United States because [CERCLA] does not provide for contribution absent an underlying enforcement claim, and there is no such claim as to Louisville."  Defendants Motion for Summary Judgment, at 2.  Pursuant to the Court's Amended Order dated January 8, 2004, the Court granted Defendants' Motion for Summary Judgment and stated that DuPont's CERCLA contribution claim with regard to the Louisville, Kentucky site ("Louisville Plant") was dismissed with prejudice, but that the Amended Order had no effect on all claims brought by other Plaintiffs or on DuPont claims related to other sites.  The Court's Memorandum Opinion, filed December 30, 2003 ("Opinion") supporting the Amended Order held that DuPont cannot bring a contribution claim under CERCLA for costs incurred at the Louisville Plant.  The Opinion provides that "there is no genuine material

fact that might affect the outcome of the suit under governing law" and that the

holding was reached as "a pure matter of law."  Opinion at 4 & n.3

Legal Argument

I.      Pursuant to Rule 54(b), DuPont requests that the Court make a
        determination that there is no just reason for delay and direct
        that final judgment be entered as to DuPont's claim for
        contribution against the Defendants at the Louisville Plant.

        A.      Rule 54(b) Standard

        Under Federal Rule of Civil Procedure 54(b):

> [w]hen more than one claim for relief is presented in an
> action . . . or when multiple parties are involved, the
> court may direct the entry of a final judgment as to one or
> more but fewer than all of the claims or parties only upon
> an express determination that there is no just reason for
> delay and upon an express direction for the entry of
> judgment.

In determining whether to certify an otherwise non-appealable order for

appellate review under Rule 54(b), a district court must find that (1) the

judgment is "final," and (2) that there is no just reason for delay in proceeding

with appeal of the final judgment on that claim.  *See Waldorf v. Shuta*, 142 F.3d

601, 608 (3d Cir. 1998) (Rule 54(b) determination upheld as proper).   A

judgment is "final" under Rule 54(b) when it is the "ultimate disposition" of an

individual claim in a multiple claim suit.  *See Curtiss-Wright Corp. v. Gen. Elec.
Corp.,* 446 U.S. 1, 7 (1980) (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S.

427, 436 (1956)).  The Third Circuit has instructed the "no just reason for delay"

standard as requiring a district court to balance "considerations of judicial administrative interests (preservation of the federal policy against piecemeal appeals) and equities (justice to the litigants)." *Carter v. City of Philadelphia*, 181 F.3d 339, 346 (3d Cir. 1999) (citing *Curtiss-Wright*, 446 U.S. at 8). Although this Court has broad discretion to determine whether there is any justifiable reason for delay (*see Curtiss-Wright,* 446 U.S. at 10), the balance of interests and equities strongly favors a determination that there is no just reason for delay in the appeal of the Court's judgment on DuPont's contribution claim at the Louisville Plant.

In a recent CERCLA case, the Third Circuit reviewed the District Court of New Jersey's summary judgment ruling that one of the defendants, Tennessee Gas Pipeline Co. ("Tenneco"), was not liable as an "arranger" under CERCLA. *See Morton Int'l Inc. v. A.E. Staley Mfg. Mgmt. Co.*, 343 F.3d 669 (3d Cir. 2003). While numerous CERCLA contribution claims were still pending among several plaintiffs and defendants, the District Court of New Jersey granted the parties' joint motion to certify the dismissal of Tenneco from the action as a final, appealable order pursuant to Rule 54(b), because:

> (a) [Plaintiff] Morton's claims against Tenneco are separable from the remaining claims; (b) [the Third Circuit] will not be required to decide the same issues even if there are subsequent appeals by other defendants; (c) the standard of "arranger liability" under CERCLA has not been "definitively addressed" by [the Third

Circuit]; (d) the prospects for final resolution of [Plaintiff] Morton's claims will be improved by a ruling on the standard; and (e) certification of the judgment in favor of Tenneco will not prejudice the remaining defendants.

*Id.* at 674, n.3.   The Third Circuit asserted its appellate jurisdiction over the *Morton* case as it has in several CERCLA cases pursuant to a district court's Rule 54(b) determination.   *See, e.g., New Jersey Turnpike Auth. v. PPG Indus., Inc.*, 197 F.3d 96, 102 (3d Cir. 1999); *United States v. CDMG Realty Co.,* 96 F.3d 706, 712 n.1 (3d Cir. 1996); *Hatco Corp. v. W.R. Grace & Co. – Conn.*, 59 F.3d 400, 404 (3d Cir. 1995); *Fisher Dev. Co. v. Boise Cascade Corp.,* 37 F.3d 104, 107 (3d Cir. 1994).

For reasons similar to those set forth in *Morton*, the Court should grant DuPont's motion for entry of Rule 54(b) judgment as to DuPont's CERCLA contribution claim with respect to the Louisville site:   DuPont's CERCLA contribution claim with respect to the Louisville site is separable from the remaining claims in this case; the issue regarding when and under what circumstances a contribution claim lies pursuant to CERCLA Section 113(f)  has not been definitively addressed by the Third Circuit; the prospects of final resolution of the entire litigation will be advanced if the Third Circuit provides the guidance which this Court has stated is desirable (*see* Opinion at 26, 29-30); and entry of partial final judgment will not prejudice the remaining parties.

B.    Finality

A "final judgment" must "be a 'judgment' in the sense that it is decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.' " *Curtiss-Wright*, 446 U.S. at 7 (quoting *Sears,* 351 U.S. at 436). Plaintiffs have filed separate and distinct CERCLA contribution claims at each of the fifteen sites, and there are a different set of facts relating to CERCLA liability and the equitable allocation of response costs among the parties at each of the sites. *See Coffman v. Fed. Labs.*, 171 F.2d 94, 97 (3d Cir. 1949) (defining "claims" under Rule 54(b) as causes of action "arising out of wholly separate and distinct transactions or engagements").  In the Amended Order, the Court dismissed with prejudice DuPont's contribution claim with regard to its Louisville Plant.  The Court further stated in its Opinion "that there was no issue of genuine material fact that might affect the outcome of the suit under governing law" and that its opinion was based "on a pure matter of law."  Opinion at 4 & n.3.  There is nothing left for the Court to do with regard to DuPont's contribution claim for costs incurred at the Louisville Plant.  Hence, the Court's decision on DuPont's CERCLA contribution claim at the Louisville Plant is "final" and ripe for entry of judgment under Rule 54(b).  *See Carter*, 181 F.3d at 346.

C.    No Just Reason for Delay

To determine whether "there is no just reason for delay" of an appeal, a district court must balance judicial adminstrative interests, such as the federal policy against piecemeal litigation, with the equities involved.  *See Curtiss-Wright*, 446 U.S. at 8; *Carter*, 181 F.3d at 346.   A court must consider several factors, including:

> (1) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final;
>
> (2) the relationship between the adjudicated and unadjudicated claims;
>
> (3) the possibility that the need for review might or might not be mooted by future developments in the district court;
>
> (4) the possibility that the reviewing court might be obliged to consider the same issue a second time; and
>
> (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Waldorf,* 142 F.3d at 609 (citation omitted).

Since the Court's Amended Order dismisses DuPont's CERCLA contribution claim for environmental response costs at the Louisville Plant, no other claim or counterclaim will affect the outcome of this claim.  In addition, there is no possibility that future developments in the trial court would moot the appellate court's review of this claim.  Indeed, quick resolution of the pure matter of law as to when and under what circumstances a contribution claim under

- 8 -

CERCLA can be brought would expedite the resolution of the entire litigation. Thus, the first and third factors weigh in favor of a 54(b) judgment.

The second factor also weighs in favor of a determination that there is no just reason for delay.  Courts insist upon some independence among the factual bases of claims to ensure that there is no reason for delaying the appeal of a final judgment as to one of many claims.  *See, e.g.*, *Berckeley Inv. Group, Ltd. v. Colkitt*, 259 F.3d 135, 145 (3d Cir. 2001) (citing *Carter*, 181 F.3d at 346). DuPont's CERCLA contribution claim at the Louisville Plant is factually distinct from the remaining claims in this litigation because the underlying facts related to liability and cost allocation at each of the fifteen sites are different.  As a result, each site represents a separate contribution claim.

The fourth factor also weighs in favor of certification.  Having the Third Circuit set forth a definitive standard for when contribution actions are available under CERCLA will further assist this Court in resolving the remaining claims, leaving the district court to apply the Third Circuit's rule to the Louisville Plant and the other fourteen sites.  *See Morton*, 343 F.3d at 674 n.3.  Because the question of the availability of CERCLA Section 113(f) contribution claim is purely a matter of law, it is unlikely that the Third Circuit would be obliged to consider the same issue a second time.

Several other factors weigh in favor of a Rule 54(b) judgment. The question decided by the Court with respect to the Louisville Plant is a novel issue of law in the courts of this Circuit and, yet, common to all of the contribution claims in this litigation and likely to recur at hazardous waste disposal sites where CERCLA contribution claims are now pending throughout the States and Territory within the Circuit's jurisdiction. These factors weigh in favor of immediate appellate review. *See Int'l Union of Elec., Radio & Mach. Workers v. Westinghouse Elec. Corp.*, 631 F.2d 1094, 1098-99 (3d Cir. 1980), *cert. denied,* 452 U.S. 967 (1981); *Hakimoglu v. Trump Taj Mahal Assocs.*, 876 F. Supp. 625, 641 (D.N.J. 1994). The broader importance of the issue decided by the Opinion and Amended Order also militates in favor of prompt consideration by the Third Circuit. The Court's intrepretation of Section 113 of CERCLA is contrary to the Fifth Circuit *en banc* majority opinion that squarely faced this issue. *See Aviall Servs., Inc. v. Cooper Indus., Inc.*, 312 F.3d 677 (5th Cir. 2002) (hereinafter "*Aviall II*"), *cert. granted,* (Docket No. 02-1192), 2004 WL 42543, 71 U.S.L.W. 3552 (U.S. Jan. 9, 2004). The Supreme Court's decision on January 9, 2004 to grant certiorari in *Aviall* underscores the importance of this issue, as well as the urgency for entering final judgment on DuPont's Louisville Plant claim to allow immediate appeal to the Third Circuit.[1] In addition, the Third Circuit has made rulings in cases where the

---

[1] The pendency of Supreme Court review of this issue should not preclude this

underlying CERCLA contribution claim might have been precluded under the Court's analysis because of the absence of a CERCLA section 106 or 107 action. *See, e.g., Morton,* 343 F.3d 669; *Tippins Inc. v. USX Corp.,* 37 F.3d 87 (3d Cir. 1994).

Furthermore, a plausible reading of the Court's Opinion suggests that CERCLA Section 113(f) precludes all contribution actions against the United States and against all other PRPs at sites where cleanup is being pursued under the Resource Conservation Recovery Act or a delegated State hazardous waste management program. Such an interpretation would have wide-ranging impacts on how companies would proceed with the cleanup of sites throughout New Jersey and the rest of the United States. The denial of an immediate appeal also poses a substantial risk that this Court and the parties will be forced to undergo duplicative motions for all of the Plaintiffs' contribution claims at the other fourteen sites,

---

Court from entering judgment under Rule 54(b), nor should it result in the Third Circuit deferring decision on this issue. The Supreme Court has often encouraged the courts of appeals to determine issues properly before them in advance of the Supreme Court's disposition of an issue because a variety of perspectives aids the Court's resolution of the issue. *See, e.g., United States v. Sperry Corp.,* 493 U.S. 52, 66 (1989); *United States v. Mendoza,* 464 U.S. 154, 160 (1984). In *Gherebi v. Bush*, No. 03-55785, 2003 WL 22971053 (9th Cir. Dec. 18, 2003), the Ninth Circuit recently ruled on an issue that was pending before the Supreme Court on certiorari from another circuit, acknowledging the court of appeals' responsibility to decide the case, notwithstanding that the Supreme Court had agreed to hear arguments on the same issue. *See id.* at *17. The immediate entry of a Rule 54(b) order followed by an expedited appeal may yet yield a decision by the Third Circuit before the Supreme Court hears oral arguments or issues a decision in *Aviall*.

including fact-finding regarding the enforcement or litigation status of each of those sites. This would simply result in delay of the ultimate disposition of this issue as well as the entire case. On balance, considerations of judicial administrative interest and equity weigh in favor of the Court's determining that there is no just reason for delay and directing entry of Rule 54(b) final judgment.

Finally, the Supreme Court and the Third Circuit have also instructed district courts to provide a statement of reasons when entering a final judgment under Rule 54(b). *See Curtiss-Wright*, 446 U.S. at 3; *Carter,* 181 F.3d at 343. While not a jurisdictional prerequisite, the Third Circuit will remand a case where no statement is provided and the propriety of the appeal is not discernible from the record. *See Carter*, 181 F.3d at 345-6. Accordingly, we respectfully request that the Court include a statement of reasons for entering final judgment in its Rule 54(b) Order, and attach a proposed Order including such statement.

II.   Alternatively, pursuant to 28 U.S.C. § 1292(b), DuPont requests that the Court certify that its opinion involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

   A.   28 U.S.C. § 1292(b) Standard

28 U.S.C. §1292(b) provides, in relevant part:

   When a district judge, in making a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling

> question of law as to which there is substantial ground
> for difference of opinion and that an immediate appeal
> from the order may materially advance the ultimate
> termination of the litigation, he shall so state in writing in
> such order.

For a court to certify an order for interlocutory appeal, the order (1) must involve a controlling issue of law, (2) upon which there is a substantial ground for a difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974) (*en banc*); *Pub. Interest Research Group of New Jersey, Inc. v. Hercules, Inc.*, 830 F. Supp. 1549, 1554 (D.N.J. 1993). These three conditions for Section 1292(b) certification are readily satisfied in regard to the Amended Order and Opinion disposing of DuPont's contribution claim at the Louisville Plant.

B.     Controlling Issue of Law

A "controlling question of law" is one which is practically or legally important to the conduct of the litigation. *See Katz*, 496 F.2d at 755. This Court's Opinion resolves the threshold question regarding when and under what circumstances a right of contribution exists under CERCLA and, thus, controls all remaining contribution claims in this litigation. *See Pub. Interest Research Group*, 830 F. Supp. at 1555 (question of when plaintiff could sue under Clean Water Act was "controlling" both because it was important to the litigation and

- 13 -

could result in reversal on appeal); *In re New Valley Corp.*, No. 92-4884, 1993 U.S. Dist. LEXIS at *10 (D.N.J. June 7, 1993) (controlling question of law existed where alteration of procedures and criteria for benefit modifications under 11 U.S.C. § 1114 subjected petitioner to different treatment); *Kauffman v. Dreyfus Fund, Inc.*, 51 F.R.D. 18, 22 (D.N.J. 1969), *aff'd in relevant part and rev'd on other grounds*, 434 F.2d 727 (3d Cir. 1970) (order was properly certified because it strikes at plaintiff's legal capacity to sue certain defendants in the very first instance).

Furthermore, the Third Circuit has provided that a clear case of a controlling question of law is an order, "which, if erroneous, would be reversible error on final appeal." *Katz,* 496 F.2d at 755. A determination by the Third Circuit on this issue might result in reversal of the Court's final judgment on DuPont's contribution claim for the Louisville Plant. *See also In re Cendant Corp. Secs. Litig.*, 166 F. Supp. 2d 1, 14 (D.N.J. 2001); *Elizabethtown Water Co. v. Hartford Cas. Ins. Co.*, 18 F. Supp. 2d. 464, 466 (D.N.J. 1998). Thus, a controlling issue of law is at stake here.

C.      Substantial Grounds for a Difference of Opinion

Substantial grounds for difference of opinion are demonstrated by the ambiguities in Section 113(f) of CERCLA and divergence in the case law interpreting this provision. *See Elizabethtown Water Co.*, 18 F. Supp. 2d at 465-

66 (inconsistent decisions of two courts created substantial ground for difference of opinion); *Pub. Interest Research Group*, 830 F. Supp. at 1556-57 (apparent differences in statutory interpretation by several courts was substantial ground for difference of opinion); *In re New Valley Corp*., 1993 U.S. Dist. LEXIS at *11 (ambiguities in statute and divergence in the case law demonstrated that issue raised substantial grounds for difference of opinion).  In its Opinion, the Court explicitly rejects the positions of both the majority and the dissent in the Fifth Circuit's *en banc* decision on this very issue.  *See* Opinion at 13-15; *see also Aviall II,* 312 F.3d 677 (5th Cir. 2002).  Instead, the Court "puts forward an *alternative* interpretation of the statute as controlled by the law of [the Third] Circuit."  Opinion at 7 (emphasis added).  As discussed above, the Third Circuit has made rulings in cases where the underlying CERCLA contribution claim might have been precluded under the Court's analysis because of the absence of a CERCLA section 106 or 107 action.  *See, e.g., Morton,* 343 F.3d 669; *Tippins Inc. v. USX Corp.,* 37 F.3d 87 (3d Cir. 1994).  Accordingly, the Court's Opinion demonstrates that substantial grounds for a difference of opinion exist regarding the proper interpretation of CERCLA Section 113(f).

    D.    <u>Materially Advance the Ultimate Termination of this Litigation</u>

The final requirement for certification under Section 1292(b) "'is closely tied to the requirement that the order involve a controlling question of law.'"  *Pub.*

*Interest Research Group*, 830 F. Supp. at 1557 (quoting 16 C. Wright et al., *Federal Practice & Procedure* § 3930, at 163 (1977)).  An immediate appeal of the Court's Opinion will materially advance the ultimate termination of this litigation, because the Third Circuit's guidance on when and under what circumstances a right to contribution exists under CERCLA will have general applicability to all of the remaining claims in the case. *See id.*; *In re New Valley Corp.*, 1993 U.S. Dist. LEXIS at *13 (petition for interlocutory appeal granted where question raised a threshold procedural issue having general applicability that would not recur); *Kauffman*, 51 F.R.D. at 22 (motion for certification granted because question of plaintiff's legal capacity to maintain an action should receive early resolution).

After seven years of litigation and on the eve of the trial of DuPont's claim for contribution at the Louisville Plant, the Court ruled that DuPont has no right of contribution against the United States.  Under these circumstances, equity favors an immediate appeal of this threshold issue.  Furthermore, this litigation involves claims worth tens of millions of dollars, demands considerable time and resources from Plaintiffs and the Defendants, and impacts on-going environmental remediation at facilities throughout the United States.  As such, certification for appeal of this issue is appropriate now to prevent further unnecessary expenditure

of significant resources in further proceedings, before the Third Circuit's interpretation on this threshold issue is decided.

<u>Conclusion</u>

Accordingly, we respectfully request that the Court make a Rule 54(b) express determination that there is no just reason for delay and direct the Clerk of Courts to enter of judgment on DuPont's claim for contribution under CERCLA Section 113(f) for response costs at the Louisville Plant. In the alternative, DuPont requests that the Court certify pursuant to 28 U.S.C. § 1292(b) that its Amended Order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate

appeal from the order may material advance the ultimate termination of this litigation.

Dated:  January 15, 2004

                          Kirkpatrick & Lockhart LLP


                          By:_____
                               William H. Hyatt, Jr.


                          Latham & Watkins LLP


                          By:_____
                               John McGahren

                          Attorneys for Plaintiff E. I. du Pont de
                          Nemours and Company, *et al.*