UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| E. I. DU PONT DE NEMOURS AND COMPANY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Civil No. 97-CV-497 (WJM) |

SETTLEMENT AGREEMENT, CONSENT DECREE AND FINAL JUDGMENT

This Settlement Agreement and Consent Order ("Agreement") is made, as of the Effective Date of this Agreement, as defined in Paragraph 3 below, between Plaintiffs E. I. du Pont de Nemours and Company and Sporting Goods Properties, Inc. (formerly known and incorporated as Remington Arms Company, Inc.) (together, "DuPont"), Plaintiff ConocoPhillips Company, successor in interest to Conoco, Inc. ("ConocoPhillips"), and Defendants United States of America, *et al.* (the "United States"), collectively referred to as "the Parties," as defined herein.

WHEREAS, this action involves claims by DuPont and ConocoPhillips against the United States for cost recovery and/or contribution under the Comprehensive Environmental Response, Compensation, and Liability Act, as amended, 42 U.S.C. §§ 9601-9675 ("CERCLA") with respect to fifteen former and present facilities of DuPont and ConocoPhillips identified in Paragraphs 26-63 of the Complaint (the "Fifteen Sites"), seeking to recover certain costs they have allegedly incurred in response to the release or threatened release of hazardous substances at the Fifteen Sites, and seeking a declaration as to the liability of the United States for costs to be incurred in the future;

WHEREAS, the Parties desire to enter into this Agreement to have a full and final resolution of any and all claims (with certain exceptions expressly reserved below) that were or could now be asserted by DuPont and ConocoPhillips against the United States, in connection with the Fifteen Sites, and to avoid the complication and expense of further litigation of such claims;

WHEREAS, the Parties agree that this Agreement is fair, reasonable and in the public interest; and

WHEREAS, the Parties enter into this Agreement without admitting any liability arising from occurrences or transactions pertaining to the Fifteen Sites;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that:

1. <u>The Parties</u>.  The Parties to this Agreement are DuPont, ConocoPhillips and the United States.

2. <u>Application Of This Agreement</u>.  This Agreement applies to, is binding upon, and inures to the benefit of DuPont (and its successors, assigns, and designees), ConocoPhillips (and its successors, assigns, and designees), and the United States.  This Agreement does not extend to or inure to the benefit of any party, person or entity other than DuPont, ConocoPhillips and the United States, and nothing in this Agreement shall be construed to make any other person or entity not executing this Agreement a third-party beneficiary of this Agreement.

3. <u>Effective Date</u>.  The Effective Date of this Agreement shall be the date this Agreement is approved by the Court.

4. <u>Definitions</u>

Unless otherwise expressly provided herein, terms used in this Agreement which are defined in CERCLA or its implementing regulations shall have the meaning assigned to them in CERCLA or its implementing regulations.  Whenever the terms listed below are used in this Agreement, the following definitions shall apply.

    a. "Agreement" shall mean this Settlement Agreement, Consent Decree and Final Judgment.

    b. "Complaint" shall mean the pleading filed by Plaintiffs in this action on or about January 29, 1997.

    c. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601-9675.

    d. "ConocoPhillips" shall mean the Plaintiff identified in Paragraph 9 of the Complaint in this case, including its predecessors, successors, assigns, affiliates and related companies.

    e. "Covered Matters" shall mean any and all past and future claims for Response Costs that were, could now be, or hereafter could be asserted by DuPont or ConocoPhillips against the United States, arising out of or in connection with the release or threatened release of pollutants, contaminants, or hazardous substances, at or from the Fifteen Sites, including any claims relating to hazardous substances which have emanated or which are emanating, or which in the future, may emanate from the Fifteen Sites; provided, however, that "Covered Matters" does not include: (i) tort claims against DuPont, ConocoPhillips or the United States by third parties alleging personal injury or property damage resulting from alleged exposure to toxic or hazardous substances, except to the extent that the sums claimed qualify as "Response Costs" within the meaning of CERCLA; or (ii) claims arising from natural resource damage claims brought pursuant to Section 107(f) of CERCLA, 42 U.S.C. § 9607(f), or any equivalent state law. "Covered Matters" shall, however, include any claims by the United States against DuPont to recover Response Costs incurred by the United States pursuant to FUSRAP.

    f. "Day" shall mean a calendar day. In computing any period of time under this Agreement, where the last day would fall on a Saturday, Sunday or Federal

holiday, the period shall run until the close of business of the next day that is not a Saturday, Sunday or Federal holiday.

g. "DuPont" shall mean Plaintiffs E. I. du Pont de Nemours and Company and Sporting Goods Properties, Inc. (formerly known and incorporated as Remington Arms Company, Inc.), identified in Paragraphs 7 and 8 of the Complaint, including their predecessors, successors, assigns, affiliates and related companies.

h. "Fifteen Sites" means the fifteen facilities identified in Paragraphs 26-63 of the Complaint.

i. "Fourteen Sites" shall mean the fourteen facilities identified in Paragraphs 26-58 and 61-63 of the Complaint.

j. "FUSRAP" shall mean the Formerly Utilized Sites Remedial Action Program, implemented by the United States, and any successor program or programs.

k. "FUSRAP Response Actions" shall mean Response Actions performed, or expected to be performed, by the United States pursuant to FUSRAP.

l. "Interest" shall mean the rate that is specified for interest on investments of the Hazardous Substances Superfund established under subchapter A of Chapter 98 of Title 26 of the United States Code.

m. "Ponca City Site" shall mean the facility identified in Paragraphs 59-60 of the Complaint.

n. "Remedial Action" shall have the meaning set forth at 42 U.S.C. § 9601(23).

o. "Removal Action" means any action or activity within the scope of the term "removal" as that term is defined at 42 U.S.C. § 9601(22).

p. "Response Action" means any Removal Action or Remedial Action.

q. "Response Costs" means costs incurred in the performance of a Response Action.

r. "United States" means the Defendants in this action, including the United States of America and all of its departments, agencies, and instrumentalities, their officers, directors and employees, and any predecessors, successors and assigns.

5. Release and Covenant not to Sue by DuPont and ConocoPhillips.

a. Effective on the date on which the United States makes the payment to DuPont pursuant to Paragraph 8 of this Agreement, DuPont hereby releases and covenants not to sue the United States and releases, surrenders, and forever discharges any and all claims or causes of action, in law or in equity, whether known or unknown, against the United States based on CERCLA or any other federal law, state law or common law for Covered Matters for the Fourteen Sites. DuPont further agrees that it shall not seek or accept reimbursement, and hereby certifies that it has not been reimbursed, for any costs related to Covered Matters, in connection with any past, existing or future contracts or other agreements with, or grants or subsidies funded by or received from, the United States. If DuPont becomes aware of or is offered any such reimbursement or other benefit, it shall promptly give notice of the terms of this Agreement to the individual, agency or other entity that is offering or has provided such reimbursement or other benefit, and shall simultaneously notify the United States at the following address:

Chief, Environmental Defense Section
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 23986
Washington, D.C. 20026-3986

b. Effective on the date on which the United States makes the payment to ConocoPhillips pursuant to Paragraph 8 of this Agreement, ConocoPhillips hereby releases and covenants not to sue the United States and releases, surrenders, and forever discharges any and all claims or causes of action, in law or in equity, whether known or unknown, against the United States based on CERCLA or any other federal law, state law or common law for Covered

Matters for the Ponca City Site. ConocoPhillips further agrees that it shall not seek or accept reimbursement, and hereby certifies that it has not been reimbursed, for any costs related to Covered Matters, in connection with any past, existing or future contracts or other agreements with, or grants or subsidies funded by or received from, the United States. If ConocoPhillips becomes aware of or is offered any such reimbursement or other benefit, it shall promptly give notice of the terms of this Agreement to the individual, agency or other entity that is offering or has provided such reimbursement or other benefit, and shall simultaneously notify the United States at the address in Paragraph 5.a.

     6.    Indemnification by DuPont and ConocoPhillips.

          a.    DuPont further agrees to indemnify and hold harmless the United States against any and all past and future claims asserted against the United States by any other entity with respect to Covered Matters regarding the Fourteen Sites; provided, however, that DuPont's total obligations pursuant to this Paragraph 6 shall not exceed fifty one million dollars ($51,000,000).

          b.    ConocoPhillips further agrees to indemnify and hold harmless the United States against any and all past and future claims asserted against the United States by any other entity with respect to Covered Matters regarding the Ponca City Site; provided, however, that ConocoPhillips's total obligations pursuant to this Paragraph 6 shall not exceed one million dollars ($1,000,000).

     7.    Protection Against Claims.

          a.    The Parties acknowledge and agree that the payment to be made by the United States pursuant to Paragraph 8 of this Agreement represents a good faith compromise of the disputed claims related to the Fifteen Sites and that the compromise represents a fair, reasonable, and equitable resolution of Covered Matters. With regard to any claims for costs, damages or other claims against the United States for Covered Matters under or addressed in this Agreement, the Parties agree that the United States is entitled, as of the date on which the United States makes the payments pursuant to Paragraph 8 of this Agreement, to contribution protection

pursuant to Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), the Uniform Comparative Fault Act, and any other applicable provision of federal or state law, whether by statute or common law, extinguishing the United States' liability to persons not party to this Agreement. Any rights the United States may have to obtain contribution or otherwise recover costs or damages from persons not party to this Agreement are preserved.

      b.    The Parties agree to join in and/or to support, as may be appropriate, such legal proceedings as may be necessary to secure the Court's approval and entry of this Agreement.

8.    <u>Payment</u>.

      a.    Within a reasonable time after the Effective Date of this Agreement, the United States shall pay DuPont the sum of fifty-one million dollars ($51,000,000). Payment shall be in the form of an Electronic Funds Transfer, as follows:

> Beneficiary: E. I. duPont de Nemours & Co.
> Bank: JP Morgan Chase
> Account #: 9101012723
> ABA Routing #: 021000021

      b.    Within a reasonable time after the Effective Date of this Agreement, the United States shall pay ConocoPhillips the sum of one million dollars ($1,000,000). Payment shall be in the form of an Electronic Funds Transfer, as follows:

> Beneficiary: ConocoPhillips Company
> Bank: Bank One
> Account #: 643625262
> ABA Routing #: 071000013

      c.    If such payments are not made in full within 90 days after the Effective Date of this Agreement, then Interest on the unpaid balance shall be paid commencing on the 91st day after the Effective Date. Interest shall accrue at the rate specified for interest on investments of the Hazardous Substance Superfund established under subchapter A of chapter 98 of Title 26 of the United States Code.

d.  Said payments by the United States are subject to the availability of funds appropriated for such purpose. No provision of this Agreement shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. §§ 1341-42 and 1511-19.

e.  If the payments to be made by the United States under this Paragraph are not made within 180 days after the Effective Date of this Agreement, DuPont and/or ConocoPhillips may apply to the Court for such relief as the Court may deem appropriate.

9.  <u>Covenant Not to Sue by United States and Reservation</u>.

a.  The United States hereby releases and covenants not to sue DuPont for Covered Matters, except that the United States specifically reserves its right to assert against DuPont any claims or actions regarding the Fourteen Sites brought on behalf of the United States Environmental Protection Agency or a natural resource trustee. The reservation in this Paragraph does not reserve any rights by the United States to assert claims against DuPont to recover all or part of the money to be paid pursuant to Paragraph 8. Nothing in this Agreement shall constitute or be construed as a waiver, limitation, or release of any claims or causes of action by the United States to enforce any federal laws or regulations in connection with the Fourteen Sites.

b.  The United States hereby releases and covenants not to sue ConocoPhillips for Covered Matters, except the United States specifically reserves its right to assert against ConocoPhillips any claims or actions regarding the Ponca City Site brought on behalf of the United States Environmental Protection Agency or a natural resource trustee. The reservation in this Paragraph does not reserve any rights by the United States to assert claims against ConocoPhillips to recover all or part of the money to be paid pursuant to Paragraph 8. Nothing in this Agreement shall constitute or be construed as a waiver, limitation, or release of any claims or causes of action by the United States to enforce any federal laws or regulations in connection with the Ponca City Site.

10. Effect of Settlement/Entry of Judgment.

a. This Agreement was negotiated and executed by DuPont, ConocoPhillips, and the United States in good faith and at arms length and is a fair and equitable compromise of claims which were vigorously contested. This Agreement shall not constitute or be construed as an admission of liability by the Parties. Nor is it an admission or denial of any factual allegations set out in the Complaint or elsewhere, or an admission of violation of any law, rule, regulation, or policy by any of the Parties to this Agreement.

b. Upon approval and entry of this Agreement by the Court, this Agreement shall constitute a final judgment among the Parties with respect to the claims resolved in this Agreement.

11. Notification.

a. The United States shall notify DuPont in writing of any complaint that is filed against and served upon the United States relating to the Fourteen Sites as soon as practicable. The United States agrees not to settle any such action without first notifying DuPont of the United States' intent to settle any such action and providing DuPont with a reasonable opportunity to discuss any proposed settlement with the United States.

b. The United States shall notify ConocoPhillips in writing of any complaint that is filed against and served upon the United States relating to the Ponca City Site as soon as practicable. The United States agrees not to settle any such action without first notifying ConocoPhillips of the United States' intent to settle any such action and providing ConocoPhillips with a reasonable opportunity to discuss any proposed settlement with the United States.

12. Retention of Jurisdiction. This Court shall retain jurisdiction over both the subject matter of this Settlement Agreement and Consent Order and the Parties for the duration of the performance of the terms and provisions of this Settlement Agreement and Consent Order for the purpose of enabling any Party to apply to the Court consistent with this Agreement for such further order, direction, and relief as may be necessary or appropriate for the construction or

modification of this Settlement Agreement and Consent Order, or to effectuate or enforce compliance with its terms, or to resolve any disputes arising under this Agreement.

13. No Admission of Liability. The United States, DuPont and ConocoPhillips agree that this Agreement, including any payments made pursuant to it and the negotiations and other communications related to it, is entered into without any admission of liability for any purpose as to any matter arising out of the transactions or occurrences alleged in this Agreement.

14. No Use As Evidence. This Agreement represents the compromise of a disputed claim and nothing in this Agreement is intended to be, or shall be construed as, an admission or adjudication of any question of fact or law with respect to any liability or responsibility for the Fifteen Sites. This Agreement shall not be admissible in any proceeding other than in an action brought by the United States, DuPont or ConocoPhillips to enforce this Agreement.

15. Non-Parties to This Agreement. Nothing in this Agreement is intended to be, nor shall be construed as a waiver, release or covenant not to sue for any claim or cause of action, administrative or judicial, in law or in equity, which the United States, DuPont or ConocoPhillips may have against any person, firm, partnership, trust, corporation or any other entity that is not a party to this Agreement.

16. FUSRAP. Nothing in this Agreement shall relieve the United States from any obligations it may have to proceed with FUSRAP Response Actions in accordance with Congressional direction.

17. Conflicts of Law. This Agreement shall be governed and construed under the laws of the United States.

18. Severability. If any provision of this Agreement is deemed invalid or unenforceable, the balance of this Agreement shall remain in full force and effect.

19. Headings. Any paragraph headings or section titles to this Agreement are provided solely as a matter of convenience to the reader and shall not be construed to alter the meaning of any paragraph or provision of this Agreement.

20. <u>Original Counterparts</u>. This Agreement may be executed in any number of original counterparts, each of which shall be deemed to constitute one agreement. The execution of one counterpart by any party shall have the same force and effect as if that party had signed all other counterparts.

21. <u>Integration Provision</u>. Excluding any agreements between DuPont and ConocoPhillips, this Agreement, including attachments, constitutes the entire Agreement between DuPont, ConocoPhillips and the United States with respect to matters covered herein. All prior discussions, drafts and writings are specifically superseded by this Agreement and may not be used to vary or contest the terms of this Agreement. This Agreement may only be amended by a writing signed by all the Parties hereto.

22. <u>Representative Authority</u>. The individuals signing this Agreement on behalf of the United States and DuPont hereby certify that each is authorized to bind legally his or her respective party to this Agreement. Any change in ownership, corporate or other legal status of any party to this Agreement, including, but not limited to, transfer of assets or real or personal property, shall in no way alter the status of responsibilities of any of the Parties under this Agreement.

We hereby consent to the form and entry of the Settlement Agreement, Consent Decree and Final Judgment:

FOR E. I. DU PONT DE NEMOURS AND COMPANY AND SPORTING GOODS PROPERTIES, INC.:

Date: 6/26/08

WILLIAM H. HYATT, JR
Kirkpatrick & Lockhart Preston Gates Ellis LLP
One Newark Center, 10th Floor
Newark, New Jersey 07102
(973) 848-4045

Attorneys for E. I. du Pont de Nemours and Company and Sporting Goods Properties, Inc.

- 12 -

We hereby consent to the form and entry of the Settlement Agreement, Consent Decree and Final Judgment:

FOR CONOCOPHILLIPS COMPANY:

Date: 6/26/08

_____
JOHN MCGAHREN
Patton Boggs, LLP
One Riverfront Place, 6 Floor
Newark, New Jersey 07102
(973) 848-5610

Attorneys for ConocoPhillips Company, successor in interest to Conoco, Inc.

We hereby consent to the form and entry of the Settlement Agreement, Consent Decree and Final Judgment:

FOR THE UNITED STATES:

Date: 6/30/08

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division

MICHAEL D. ROWE
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington D.C. 20026-3986
Tel.: (202) 514-3144

## ORDER

UPON CONSIDERATION OF THE FOREGOING, the Court hereby finds that this Agreement is fair and reasonable, both procedurally and substantively, consistent with applicable law, in good faith, and in the public interest. THE FOREGOING Agreement is hereby APPROVED.

The United States is entitled, effective on the date on which the United States makes the payments pursuant to Paragraph 8 of the Agreement, to contribution protection pursuant to Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), the Uniform Comparative Fault Act, and any other applicable provision of federal or state law, whether by statute or common law.

All claims against the United States in this Action with respect to Covered Matters, whether alleged in the Complaint or otherwise, are hereby dismissed with prejudice and FINAL JUDGMENT is hereby entered in accordance with the terms of this Agreement, SIGNED and ENTERED this 30th day of June, 2008

DuPont, ConocoPhillips and the United States shall each bear their own costs and expenses, including attorney's fees, in this case.

Dated: June 30, 2008

WILLIAM J. MARTINI
UNITED STATES DISTRICT JUDGE